FELLOWS FUEL SERVICE, INC., Respondent, v DOUGLAS STALEY et al., Defendants, and CITIZENS SAVINGS BANK, F.S.B., Appellant.

Third Department, May 8, 1986

## APPEARANCES OF COUNSEL

*Buyoucos, Barney, Grossman & Roth (Nelson E. Roth* of counsel), for appellant.

*Charles T. Currey* for respondent.

## OPINION OF THE COURT

HARVEY, J.

In August 1983, plaintiff obtained a judgment in excess of $700 against defendants Douglas Staley, Jolynn Staley and Staley's Feed and Supplies, Inc. (hereinafter the debtor). Later in 1983, the debtor filed a petition for bankruptcy under the Federal Bankruptcy Act (11 USC § 1101 *et seq.).* Notice of the bankruptcy proceeding was received by Citizens Savings Bank, F.S.B. (Citizens Savings) in November 1983. On October 17, 1984, Citizens Savings received an information subpoena and restraining notice from plaintiff's attorney. Citizens Savings responded to the information subpoena, indicating that the debtor had accounts totaling $668.56 at Citizens Savings.

On October 31, 1984, the Cortland County Sheriff delivered to Citizens Savings on behalf of plaintiff an execution on the assets of the debtor in its possession. Having received no notice of dismissal of the debtor's bankruptcy proceeding, Citizens Savings refused to honor the execution. This refusal was based upon the advice of counsel and the belief that the debtor's assets were protected by the automatic stay of the Bankruptcy Act (11 USC § 362 [a] [2]). Citizens Savings notified plaintiff of the reasons for its refusal to honor the execution.

On November 5, 1984, another judgment creditor executed on the debtor's funds at Citizens Savings. However, this execution included a notice that the debtor's bankruptcy proceeding had been dismissed in September 1984. Thus, Citizens Savings transferred the debtor's funds to the Sheriff pursuant to this execution. The following day, plaintiff also notified Citizens Savings that the bankruptcy proceeding had been dismissed and, accordingly, sought enforcement of its

execution. Citizens Savings replied that the funds had been turned over to the Sheriff pursuant to another execution.

In March 1985, plaintiff sought to have Citizens Savings declared in contempt for not obeying its restraining notice. Special Term found Citizens Savings in contempt and levied a fine in the amount of $668.25. A subsequent motion for reargument was denied and this appeal by Citizens Savings ensued.

Citizens Savings contends that its conduct did not constitute contempt pursuant to CPLR 5251. We agree. A garnishee may be adjudicated in civil contempt for refusing to obey or willfully neglecting a restraining order issued pursuant to CPLR article 52 (CPLR 5251; Siegel, NY Prac § 523, at 715). Once served with the restraining order, Citizens Savings was forbidden to transfer the debtor's funds "to any person other than the sheriff" (CPLR 5222 [b]). At the time Citizens Savings was served with plaintiff's restraining order and execution, it was under the justifiable belief that Federal law prohibited it from releasing the debtor's funds (see, 11 USC § 362; see also, Bankruptcy Rules, rule 2002 [f] [notice of dismissal of bankruptcy proceeding only required to be given to the debtor, creditors and indenture trustees]). The November 5, 1984 execution by another judgment creditor contained a notice of dismissal of the bankruptcy proceeding, and thus Citizens Savings was no longer under the belief that it was forbidden by Federal law to transfer the funds. Additionally, the execution issued by the second judgment creditor resulted in Citizens Savings transferring the disputed funds to the Sheriff. Since it was made to the Sheriff, the transfer was statutorily authorized and not violative of the restraining notice (see, CPLR 5222 [b]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5222:4, p 187). Accordingly, there was no showing that Citizens Savings either refused to obey or willfully neglected the restraining order.

MAIN, J. P., WEISS, MIKOLL and YESAWICH, JR., JJ., concur.

Order finding Citizens Savings Bank, F.S.B. guilty of contempt reversed, on the law and the facts, with costs, and application for an order adjudicating Citizens Savings Bank, F.S.B. guilty of contempt denied.

Appeal from order denying motion for reargument dismissed, without costs.